

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| JORGE L. REYES, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:13CV204–HEH |
| ) | |
| MARGARET DEGLAU, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**
(Dismissing With Prejudice 42 U.S.C. § 1983 Action)

Jorge Reyes, Sr., a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

**A. Preliminary Review**

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see also* 28 U.S.C. § 1915A. The first standard includes claims premised upon "'indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'"

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law ....

42 U.S.C. § 1983.

meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is analyzed under the familiar requirements of Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient

"to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

B. **Summary of Allegations**

In a rambling and incoherent Complaint, Reyes alleges that Commonwealth's Attorneys Margaret Deglau and Frank LaRuffa committed various errors during his criminal prosecution. (Complaint, ECF No.1, at ¶¶ 5–15.)[2] Specifically, Reyes contends that Defendants: (1) violated his Fourteenth Amendment[3] "right to due process by refusing to provide D.N.A testing [he] requested" of certain objects at the crime scene (Compl. at ¶ 5); (2) violated his right to due process by failing to preserve "potentially useful evidence" from the crime scene (*id.* at 9); and, (3) failed to notify him of his right to consular assistance in violation of the Vienna Convention after detectives, despite

---

[2] The Circuit Court of Henrico County convicted Reyes of murder and use of a firearm based upon events occurring on April 22, 2004. *See Reyes v. Kelly*, No. 3:09CV23–HEH, 2012 WL 2792174, at *1 (E.D. Va. July 9, 2012).

[3] "No State shall . . . deprive any person of life, liberty, or property, without due process of law. . . ." U.S. Const. amend. XIV, § 1.

3

English being his second language, questioned him without a Spanish interpreter. (*id.* at 11). Reyes's Complaint lacks clarity as to when Defendants allegedly denied him evidence and failed to preserve evidence for trial.

Reyes demands vacation of his convictions, a new trial, reduction of his sentence, or three million dollars from each defendant. (Compl. at ¶ 16.) For the reasons stated below, Reyes's Complaint will be dismissed.

### C. Analysis

"[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Reyes fails to mention Defendants in the body of the complaint, much less explain how they were personally involved in the deprivation of his constitutional rights. "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (citing *Brzozowski v. Randall*, 281 F. Supp. 306, 312 (E.D. Pa. 1968)).

Moreover, assuming *arguendo* Reyes sufficiently alleged that Defendants had personal involvement in the deprivation of his constitutional rights, prosecutorial immunity bars Reyes's claims against Defendants. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Prosecutorial immunity extends to actions taken while performing "the traditional functions of an advocate," *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997) (citations omitted), as well as functions that are "intimately associated with the judicial

4

phase of the criminal process." *Imbler*, 424 U.S. at 430. To ascertain whether a specific action falls within the ambit of protected conduct, courts employ a functional approach, distinguishing acts of advocacy from administrative duties and investigative tasks unrelated "to an advocate's preparation for the initiation of a prosecution or for judicial proceedings." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) (citation omitted); *Carter v. Burch*, 34 F.3d 257, 261–63 (4th Cir. 1994). Absolute immunity protects those "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and those which occur in the course of his role as an advocate for the State." *Buckley*, 509 U.S. at 273. Reyes fails to plead facts plausibly suggesting that Defendants' purported actions were taken outside of their roles as advocates for the state in his criminal prosecution.[4] *See Imbler*, 424 U.S. at 430 (holding that prosecutorial immunity extends to prosecutor's actions "in initiating a prosecution and in presenting the State's case"); *Carter v. Burch*, 34 F.3d 257, 263 (4th Cir. 1994) (explaining that "although the trial had been completed, [the prosecutor's] functions in representing the State in . . . post-conviction motions . . . very much implicated the judicial process . . .")

The premise of Reyes's claims, namely the notion that he may seek, through a civil suit, the vacation or alteration of his criminal convictions and sentence as well as monetary damages stemming from the purportedly improper incarceration, "is legally

---

[4] For example, Reyes suggests that, either during or after his conviction, the Commonwealth's Attorney's office refused to test certain purportedly exculpatory evidence from the crime scene. Assuming *arguendo* Reyes could demonstrate that this evidence was material and exculpatory, prosecutors enjoy absolute immunity from civil liability for allegations that they withheld material exculpatory evidence. *Brown v. Daniel*, Nos. 99-1678, 99-1679, 99-1680, 2000 WL 1455443, at *2 (4th Cir. 2000) (quoting *Carter v. Burch*, 34 F.3d 257, 263 (4th Cir. 1994)).

frivolous in light of *Heck v. Humphrey*, 512 U.S. 477 (1994), and related cases." *Payne v. Virginia*, No. 3:07cv337, 2008 WL 1766665, at *2 (E.D. Va. Apr. 17, 2008).

In *Heck*, the Supreme Court emphasized that civil tort actions are "not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486. The Supreme Court then elaborated on a Plaintiff's burden in recovering damages after an allegedly invalid conviction or sentence, explaining that:

> [A] § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck*, 512 U.S. at 486–87 (internal footnote omitted). The Supreme Court instructs district courts in such suits to "consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence[,] and if it would, [] dismiss[] [the complaint] unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

In *Edwards v. Balisok*, the Supreme Court extended *Heck* to civil rights actions that do not directly challenge confinement, but instead contest procedures which necessarily imply unlawful confinement. *See* 520 U.S. 641, 646 (1997). The Supreme Court has explained that *Heck* and its progeny teach that:

> [A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005).

6

With the legal standard fully explicated, the first question this Court must examine is whether Reyes's claims necessarily imply the invalidity of his sentence. *Heck*, 512 U.S. at 487. Reyes requests that his conviction "be vacated," and seeks a new trial, reduction of his sentence, or three million dollars from each defendant for purported errors surrounding his criminal prosecution. (Compl. at ¶ 16.) Reyes does not articulate, and the Court does not discern, how he could both prevail on such claims and not simultaneously invalidate the fact of his confinement. *See Edwards*, 520 U.S. at 648; *Heck*, 512 U.S. at 479, 481, 490 (concluding alleged due process violations barred in § 1983); *see also Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973) (holding that when "the relief [a prisoner] seeks is a determination that he is entitled to immediate release or a speedier release from [custody], his sole federal remedy is the writ of habeas corpus").

Because success on his claims necessarily implies invalid confinement, under the second prong of the *Heck* analysis, Reyes must demonstrate a successful challenge to his current conviction. *Heck*, 512 U.S. at 487. Reyes presents no evidence that the state court has invalidated his current convictions or sentence. *Id.* at 486-87. Thus, *Heck* also bars Reyes's claims.[5]

The Court also finds that Reyes fails to bring this action in good faith to vindicate his legal rights, but instead, brings it maliciously, to harass the prosecutors responsible

---

[5] The Court recognizes that the Supreme Court has allowed a convicted state prisoner to seek DNA testing of crime-scene evidence in a § 1983 action. *Skinner v. Switzer*, 131 S. Ct. 1289 (2011). The Supreme Court, however, stressed that "[s]uccess in [a § 1983] suit gains for the prisoner only access to the DNA evidence, which may prove exculpatory, inculpatory, or inconclusive." *Id.* at 1293. Unlike Reyes, the defendant in *Skinner* "[did] not challenge the prosecutor's conduct" prior to trial, but instead, "challenge[d], as denying him due process, Texas' postconviction DNA statute 'as construed' by the Texas courts." *Id.* at 1296 (citation omitted). Here, Reyes faults the prosecutors for *Brady* violations and for failing to preserve and test evidence that would allegedly demonstrate his innocence. The Supreme Court in *Skinner*, made clear that such challenges remain unavailable in § 1983. *Id.* at 1300 (citations omitted).

7

for obtaining his conviction. Reyes has filed several actions in this Court challenging his state conviction, arguing that he is innocent. *See, e.g., Reyes v. Kelly*, No. 3:09CV23-HEH, 2012 WL 2792174, *1, *4–10 (E.D. Va. July 9, 2012) (providing extensive discussion of and finding meritless Reyes's various arguments of innocence based on forensic evidence); *Reyes v. Kelly*, No. 3:11CV435-HEH, 2011 WL 6749015, *1–2 (E.D. Va. Dec. 22, 2011); *Reyes v. Virginia*, No. 3:14CV755 (E.D. Va. filed Nov. 3, 2014). Accordingly, the Court also dismisses this action as malicious and frivolous. *See Cain v. Virginia*, 982 F. Supp. 2d 1132, 1136–38 (E. D. Va. 1997) (citations omitted) (observing that where "the tone of [a prisoner] Plaintiff's allegations indicates that he is bringing his suit merely to satisfy his desire for vengeance against the [those involved in securing his incarceration] and not to rectify any wrong done to him, then the suit is a MALICIOUS one" (quoting *Spencer v. Rhodes*, 656 F. Supp. 458, 363–64 (E.D.N.C. Mar. 19, 1987))).

### D. Conclusion

Accordingly, Reyes's claims and the action will be dismissed with prejudice as legally frivolous. The Clerk will be directed to note the disposition of the action for the purposes of 28 U.S.C. § 1915(g). Reyes letter "Requesting Statute of Summons" (ECF No. 38) will be denied as moot.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: Jan. 14, 2015
Richmond, Virginia

8